## W. S. HENDERSON, RESPONDENT, *v.* CHARLES W. HIGGINS, APPELLANT.

DISMISSAL OF APPEAL.—JUSTICE'S COURT.—RULE OF COURT.—An order of the district court dismissing an appeal from a justice's court, for failure to docket the same within thirty days after receipt of the papers by the clerk of the district court, will not be reversed on appeal unless a clear abuse of judicial discretion be shown, and the fact that the attorneys for appellant did not know of the rule, and that on the same day the appeal was dismissed they appeared in court and offered payment of the docket fees, is not a sufficient showing.

APPEAL from an order of the district court of the third district dismissing an appeal from a justice's court, Hon. Charles S. Zane, judge. The opinion states the facts.

*Messrs. Dey and Street,* for the appellant.

*Mr. Frank Pierce,* for the respondent.

BARTCH, J.:

This case was tried in a United States commissioner's court, and judgment rendered in favor of the plaintiff for the sum of $246.45 and costs. From this judgment the defendant perfected his appeal to the district court, and had the papers transmitted to the clerk of the court, but failed to pay the docket fees within the time required by the rules of the third district court. Thereupon the appeal was dismissed, defendant being present, and resisting the dismissal. On motion of defendant the court granted a rehearing, and, having heard the motion, made an order refusing to reinstate the appeal. From this order the defendant appealed to this court. The defendant was present, and resisted the dismissal, and again was present

at the hearing of the motion to reinstate. The court, having heard the arguments of counsel, and considered the affidavits and circumstances connected with the case, refused to vacate the order of dismissal. An abuse of judicial discretion will not be presumed. It must be affirmatively and clearly shown. In this case it does not so appear from the record. This court has repeatedly held that the rules of the district courts are binding upon the parties to an action. It is not sufficient excuse, to avoid their effect, that attorneys are not familiar with them. It is their business to know them. The judgment is affirmed.

MINER, J., and SMITH, J., concurred.